IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

JOSIAH FOBBS,
    Plaintiff,

v.      Civil Action No. AW-09-1903

DARIN RUSH, *et al*.
    Defendant.

******************************************************************************

## MEMORANDUM OPINION

Plaintiff Josiah Fobbs ("Plaintiff") filed suit against Defendants, Darin Rush ("Defendant Rush"), James Seger ("Defendant Seger"), and Samuel Tiru ("Defendant Tiru") ("collectively Defendants") for Excessive Force in violation of 42 U.S.C. § 1983 (Count I), Intentional Infliction of Emotional Distress (Count II), Assault and Battery (Count III), and Abuse of Process and Denial of Due Process in Violation of 42 U.S.C. §1983(Count IV). *See* Doc. No. 18. Presently pending before the Court is Defendants' Motion for Partial Summary Judgment filed on May 13, 2010. Defendants moved for partial summary judgment on Intentional Infliction of Emotional Distress (Count II) and Assault and Battery (Count III) because of Plaintiff's failure to comply with the notice requirement of Local Government Tort Claims Act ("LGTCA"), Maryland Code (1974, 2002 Repl. Vol.) and §5-304 of the Courts and Judicial Proceedings Article ("CJ"). For the reasons that follow, Defendants' Motion for Partial Summary Judgment is **GRANTED**.

### I.      FACTUAL & PROCEDURAL BACKGROUND

The following facts are drawn from the Complaint, unless otherwise noted. Plaintiff is a resident of Prince George's County, Maryland. Compl. ¶ 1. Defendants, Darin Rush, James Seger,

and Samuel Tiru are Prince George's County police officers. *Id.* ¶ 2. Plaintiff alleges that on or about April 17, 2008, he was arrested at the police precinct located at 7600 Barlowe Road, Prince George's County, MD. *Id.* ¶ 3. Plaintiff alleges that while he was being arrested, Defendant Seger, without cause, slammed his face against a wall, thereby bruising Plaintiff's chest. *Id.* ¶ 4.

Plaintiff also alleges that subsequent to being handcuffed, Defendant Rush grabbed Plaintiff by the throat and pushed him through the double doors into the private area of the precinct where Defendant Rush called him a "dumbass nigger." Compl. ¶¶ 5-7. Defendant Tiru tackled him to the floor where Plaintiff landed hard on his chest and Defendant Rush ripped out a part of one of Plaintiff's cornrows. *Id.* ¶¶ 7-8. Detective Tiru sat on Plaintiff's back while Defendant Rush removed, stomped on, and crushed Plaintiff's glasses. *Id.* ¶ 9. As Plaintiff lay handcuffed on the floor, Defendant Seger kicked Plaintiff in his legs repeatedly, while Defendant Rush kicked him in the head. *Id.* ¶ 10. Plaintiff was dragged into a corner where Defendant Rush then pointed a gun to his head and said, "You're going to tell me what I want to know one way or another." *Id.* ¶ 11.

Plaintiff further alleges that Defendants coerced him into writing a statement that was dictated by Defendant Tiru in return for Plaintiff's asthma pump. Compl. ¶¶ 16-19. Subsequently, Defendant Seger ripped Plaintiff's shirt in the back and Defendants began laughing. *Id.* ¶¶ 21-22. Plaintiff was taken to jail where he was held until April 22, 2008. *Id.* ¶ 24.

Plaintiff's attorney sent a notice of claim to the Prince George's County Office of Law, which was received on April 7, 2009. *See* Doc. No. 18. On April 17, 2009, Plaintiff filed suit against Defendants in the Circuit Court for Prince George's County. *Id.* On July 20, 2009, this matter was removed to this Court. *Id.*

## II. STANDARD OF REVIEW

The court will grant a motion for summary judgment only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Summary judgment will be inappropriate if factual issues exist, that can be reasonably resolved only by the finder of fact in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party bears the burden of showing that no issue of material facts exists. Fed.R.Civ.P. 56(c); *Catrett*, 477 U.S. at 325. The "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court, when ruling on a motion for summary judgment, must draw all reasonable inferences in favor of the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 438 (4th Cir. 1998). The court must also construe all facts in the light most favorable to the non-moving party. *Id.*

### III. DISCUSSION

#### a. *The Notice Requirement of the Local Government Tort Claims Act, 5-304 of the Courts and Judicial Proceedings Article*

Defendants seek a summary judgment for Plaintiff's failure to comply with the 180-day notice provision of the Maryland Code (1974, 2002 Repl. Vol.), § 5-304 of the Courts and Judicial Proceedings Article ("CJ").[1] The notice requirement serves an important purpose of protecting "the

---

[1] *CJ § 5-304*, provides, in relevant part, as follows:
(b) Notice required. –
(1) Except as provided in subsections (a) and (d) of this section, an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury.
(2) The notice shall be in writing and shall state the time, place, and cause of the injury.

(c) (1) The notice required under this section shall be given in person or by certified mail, return receipt requested, bearing a postmark from the United States Postal Service, by the claimant or the representative of the claimant.
(2) Except as otherwise provided, if the defendant local government is a county, the notice required under this section shall be given to the county commissioners or county council of the defendant local government.
(3) If the defendant local government is:
Prince George's County, the notice shall be given to the county solicitor or county attorney.

(d) Waiver of notice requirement. -- Notwithstanding the other provisions of this section, unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, upon motion and for good cause shown the court may entertain the suit even though the required notice was not given.

municipalities and counties of the state from meretricious claimants and exaggerated claims by providing a mechanism whereby the municipality or county would be apprised of its possible liability at a time when it could conduct its own investigation . . . sufficient to ascertain the character and extent of the injury and its responsibility in connection with it." *Renn v. Bd. of Comm'rs*, 352 F. Supp. 2d 599 (D. Md. 2005); *Ransom v. Leopold*, 962 A.2d 1025 (2008).

The 180 days notice requirement is a condition precedent necessary to maintain an action under the LGTCA. MD. CODE ANN., CTS. & JUD. PROC. § 5-304(b). Failure by a party to satisfy a condition precedent can be raised at anytime. *Rios v. Montgomery County*, 386 Md. 104, 128 (2005). Furthermore, failure to satisfy a condition precedent means that the action is fatally flawed. *Rios*, 386 Md. at 127.

CJ § 5-304(d) provides for the only exception to the notice requirement. Subsection (d) specifically states, "Notwithstanding the other provisions of this section, unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, upon motion and for good cause shown the court may entertain the suit even though the required notice was not given." The legislature left the determination of what constitutes good cause to the courts. *Madore v. Baltimore County,* 34 Md. App. 340, 344, 367 A.2d 54, 57 (1976). However, in *Bibum v. Prince George's County*, the court stated, "[t]he test for the existence of good cause is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances." 85 F.Supp.2d 557, 565 (D. Md. 2000). Several factors to determine good cause were mentioned in *Herron v. Strader*, 361 Md. 258 (2008) which the Court in *Wilbon v. Hinsucker*, 172 Md. App. 181, 205-206 (2005) summarized. The court notes these factors below:

1) Excusable neglect or mistake;

2) Serious physical or mental injury and/or location out-of-state;

3) The inability to retain counsel in cases involving complex litigation;

4) Ignorance of the statutory notice requirement; and

5) Misleading representations made by a representative of the local government.

In support of their argument that Plaintiff's failure to comply with the notice requirement should result in a summary judgment, Defendants cite *Bibum v. Prince George's County, et al.*, 85 F. Supp. 2d 557 (D. Md. 2000). In *Bibum*, the court held that Bibum did not substantially comply with notice provisions of LGTCA by his failure to apprise the proper officials that he was pursuing a claim. *Bibum*, 85 F. Supp. 2d at 564. The court stated, "When the notice does not apprise the proper officials that the Plaintiff is pursuing a claim, there is not substantial compliance." *Id.* at 564. Bibum argued among other things, that he was given a complaint form when he arrived at the police station to complain about the officer's conduct, which according to Bibum, was "misleading and deceptive and would lead a reasonable person to believe that any notice requirement would be satisfied by returning the completed form." *Id.* at 565. Furthermore, Bibum stated that he was unaware of the notice requirement and therefore, this constituted good cause for a waiver of the requirement. *Id.*

The court disagreed with Bibum's argument, concluding that Bibum was not deceived because there was no allegation of deception from the police department. *Id.* Additionally, Bibum waited over ten months to consult an attorney. *Id.* at 565. Therefore, his lack of knowledge about the notice requirement did not constitute good cause for failure to comply with the notice requirement because an ordinary prudent person is Bibum's situation would have made his own investigation or consulted an attorney. *Id.*

*Bibum* is similar to the current case because similar to Bibum, Plaintiff failed to notify the county solicitor or county attorney on time that he was pursuing a claim against Defendants. However, unlike Bibum, Plaintiff does not argue deception or that his lack of knowledge constitutes good cause for his failure to comply with the notice requirement. Instead, Plaintiff argues that the Defendant's summary judgment should be denied because Defendants' alleged acts constitute malicious acts.

Plaintiff relies on CJ *§* 5-302(2) (b)(1) and *§* 5-302(2) (b)(2)(i) in support of his position that because Defendants' acts constitute malicious acts, Defendants' motion for summary judgment should be denied by this court. *CJ §* 5-302(2) (b)(1), provides in relevant part, " . . . a person may not execute against an employee on a judgment rendered for tortious acts or omissions committed by the employee within the scope of employment with a local government." CJ *§* 5-302(2) (b)(2)(i) on the other hand, provides, "An employee shall be fully liable for all damages awarded in an action in which it is found that the employee acted with actual malice." Plaintiff argues that these sections of the code "take malicious conduct by government employee(s) outside the purview of the LGTCA." *See* Doc. No. 23.

Plaintiff was correct in his assertion that the statues take malicious conduct by government employees outside the purview of LGTCA. However, CJ *§* 5-302(2) (b)(1) and *§* 5-302(2) (b)(2)(i) are relevant to determining whether an employee will be *liable* for all the damages in an action brought against him. However, as previously mentioned, the notice requirement is a condition precedent to maintaining the suit, regardless of whether Defendants' alleged actions were malicious.

Plaintiff supports his argument that malicious acts fall outside the employee's scope of employment with *Wolfe v. Anne Arundel County*, 761 A.2d 935 (Md. Ct. Spec. App. 2000). The court in *Wolfe* held that "[p]olice officer's rape of motorist was not within scope of his employment,

and thus, the officer's conduct was not covered by liability insurance provided by county." *Wolfe*, 761 A.2d at 941.

*Wolfe* varies significantly from the current case. In *Wolfe*, Plaintiff brought the claim against the county in its capacity as the alleged insurer of officer for its refusal to provide the police officer with indemnification after a federal jury found against the police officer. *Id.* at 937. Unlike the current case, the Plaintiff in *Wolfe* properly brought the initial claims against the officer; Plaintiff met the condition precedent by notifying the county official, and a jury decided the case. *Id.* Therefore, while the court in *Wolfe* held that the officer's actions were outside the scope of his employment, *Wolfe* does not apply to the current situation, as *Wolfe* did not address the notice requirement of the LGTCA.

Moreover, the notice requirement applies to any action for unliquidated damages, even if the employee was acting outside of his scope of employment. *Chappelle v. McCarter*, 853 A.2d 458, 462 (Md. Ct. Spec. App. 2005). The court in *Chappelle* stated, the "[n]otice requirement cannot be circumvented simply by alleging that the employee was acting outside the scope of employment when committing the tort for which unliquidated damages are claimed." *Id.*

Plaintiff further relies on §5-522 of the Maryland Torts Claim Act ("MTCA") in support of his position that Defendants' alleged malicious acts waive the notice requirement. Specifically citing *Hines v. French*, 957 A.2d 1000 (Md. Ct. Spec. App. 2000), Plaintiff argues that the MTCA "qualified immunity does not attach when a state employee acts with malice or gross negligence." Therefore, MTCA does not attach to malicious acts. Plaintiff further argues that because MTCA does not attach to malicious acts and Defendants' alleged acts were malicious, LGTCA's notice requirement does not apply to the current case.

Plaintiff's reliance on MTCA and *Hines* is misguided because both the MTCA and *Hines* deal with qualified immunity under the MTCA, which is currently not at issue in this case. Furthermore, although the language of §5-522 specifically provides for tortious acts that are made with malice or gross negligence, Plaintiff does not attribute any importance to subsection (a) which provides that the immunity of the state is not waived for the listed acts. Plaintiff clearly seems to be confusing immunity with notice requirement.

Here, Plaintiff does not argue that there was good cause for his failure to meet the notice requirement. Instead, Plaintiff simply states that Defendants' alleged acts constitute malicious acts, which fall outside their scope of employment and therefore, waive the notice requirement. As previously stated, malicious acts do not waive the 180 days statutory notice requirement. As Plaintiff has failed to demonstrate that good cause exists to waive the notice requirement of the LGTCA, the Court finds that the notice requirement will not be waived for Plaintiff.

## IV. CONCLUSION

In sum, Plaintiff failed to meet the notice requirement and to show that there was good cause for his failure to meet the requirement. Accordingly, Defendants' Motion for Partial Summary Judgment on Intentional Infliction of Emotional Distress (Count II) and Assault and Battery (Count III) because of Plaintiff's failure to comply with the notice requirement of LGTCA is **GRANTED**. A trial will be scheduled as to the remaining claims in this matter. An Order consistent with these rulings shall follow.

Date: <u>March 7, 2011</u>                        /s/
                                                                                        Alexander Williams, Jr.
                                                                                        United States District Judge